ROSA, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record Two Deeds of Sale.

No. 462.—Decided June 30, 1920.

ILLITERATE PARTIES—INSTRUMENTAL WITNESS—PUBLIC INSTRUMENT.—The law expressly provides that when the parties to a public instrument, or some of them, can not or do not know how to sign the notary shall so state and one of the witnesses shall sign for them, setting forth in his own handwriting before signing that he signs as a witness and also in the name of the party who can not or does not know how to sign; therefore a registrar is right in refusing to record a deed in which the said provision has not been complied with.

The facts are stated in the opinion.

The appellant did not appear.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Eduardo Rosa García presented two deeds in the Registry of Property of San Juan, Section 1, for admission to record. One of them was executed before Notary Bolet Durán on April 20, 1880, and covenanted that for a consideration of $60 José Beltrán conveyed to Eladio Caraballo a property of fifteen acres containing a frame dwelling-house. The other was executed before Notary Gabriel Guerra on June 8, 1905, and covenanted that for the sum of $45 Eladio Caraballo conveyed to Eduardo Rosa García the property which he had purchased from Beltrán.

The registrar refused to record the deeds "because the first deed * * * is null and void for the reason that although the parties did not know how to sign and the notary stated that at their request the instrumental witnesses signed for them, the said witnesses did not set forth in their own handwriting that they signed as witnesses and for the parties at their request," and because in the deed of 1905 "the same incurable defect appears as to the grantor * * * which facts invalidate both instruments, according to sections 14 and 20 of the Notarial Act, a reenactment of the

former law on this point, and likewise in conformity with the jurisprudence of the Supreme Court of Porto Rico applicable to the case.''

Eduardo Rosa did not withdraw the documents and, pursuant to the statutory requirements, the registrar sent them up to this court.

Section 14 of the Notarial Act, like its predecessor, reads as follows:

''Should the parties to the instrument, or any of them, be unable to sign, the notary shall state the fact, and one of the witnesses shall sign for the party, and such witness shall precede his signature with the note in his own hand-writing that he signs for himself and for the party, in the name of said party or parties.'' Comp. 1911, sec. 1992.

And section 20, so far as pertinent, reads:

''The following public instruments shall be null and void:

''Third * * * or where the signature of the parties and witnesses * * * do not appear.''

The signatures of both parties to the deed of 1880 and the signature of the grantor to the deed of 1905 were not affixed in the manner required by the said act; therefore the said deeds can not be received in the registry as public documents. This, of course, does not mean that the contracts set out in the said instruments are null and void by reason of these defects. If the transactions were actually made they will be considered valid as to the parties participating in them.

While not referring to cases entirely on all fours with the case at bar, the reasonings in the opinions delivered in the following cases are in harmony with it: *Berríos* v. *Registrar of Humacao,* 25 P. R. R. 668; *Banco Territorial* v. *Registrar of San Juan,* 22 P. R. R. 545; *Villanueva* v. *Registrar,* 18 P. R. R. 801; *Rodríguez* v. *Registrar,* 14 P. R. R. 715. The opinion of this court in the case of *Ortiz* v. *Reg-*

*istrar of Guayama,* 26 P. R. R. 482, is not applicable, for the witness in that case set forth, although in an imperfect manner, that he signed as such and at the request of the party who did not know how to sign, thus meeting the statutory requirement.

In view of the foregoing the decision of the registrar should be

*Affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.